UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                                        CR 19-4047-MV

HENRY FELIX,

        Defendant.


# TRIAL NOTICE

      **PLEASE TAKE NOTICE** that the above entitled action is hereby set for **JURY TRIAL** on **Monday, January 13, 2020, at 9:00 a.m.**, on a trailing docket, before the Honorable Martha Vázquez, in the Aspen Courtroom, in the United States Courthouse, 106 South Federal Place, Santa Fe, New Mexico.  Pretrial dates and deadlines are set forth in the table below:

| **Event** | **Date/Deadline** |
|---|---|
| Joint Jury Instructions, Witness and Exhibit Lists, Voir Dire | December 16, 2019 |
| Objections to Witness and Exhibit Lists, Objections to Voir Dire | December 20, 2019 |
| Motion to Continue | December 16, 2019 |
| Motions in Limine/Response/Reply | December 16, 2019 / December 20, 2019 / December 26, 2019<br>This deadline does not include *Daubert* or other motions, which shall be made prior to the dispositive motions deadline established at arraignment.<br><br>Responses and replies to Motions in Limine filed 14 days or more before this deadline are due in accordance with the Federal and Local Rules of Criminal Procedure. |
| **Jury Selection/Trial** | **January 13, 2020, 9:00 a.m.** |

      In an effort to conserve judicial resources, the Court must be advised of all plea agreements no later than ten (10) working days prior to trial.  The plea must be entered at least five (5) days prior to the trial date.  **Please note that unless a plea hearing has been held, all filing deadlines remain in effect.**

Inquiries regarding this setting should be directed to Linda Romero, Courtroom Deputy to the Honorable Martha Vázquez, at **(505) 992-3826**.

Other useful information may be obtained by visiting the Honorable Martha Vázquez's Chambers Page https://www.nmd.uscourts.gov/content/honorable-martha-vazquez .

***Real time reporting is available in Judge Vazquez' Santa Fe courtroom. Attorneys are encouraged to use real time in the courtroom. Please arrive 15 minutes prior to the start of the morning/afternoon settings for a demo. Contact Carmela McAlister with any questions at: 505.992.3829.***

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

# PREPARATION FOR CRIMINAL TRIALS
## *before the Hon. Martha Vázquez*

### GENERAL INSTRUCTIONS

- ❖ Trial will begin promptly at 9:00 a.m.  Counsel must appear no later than 8:30 a.m. if counsel wishes to bring any matters to the attention of the Court and out of the presence of the jury.  Before raising preliminary matters with the Court, counsel must confer with opposing counsel.

- ❖ Trial will recess at 5:00 p.m.  Counsel must be prepared to exceed this time if necessary to complete the trial as scheduled.

- ❖ Counsel must stand when addressing the Court, other counsel, a witness, or the jury.  Do not refer to any party or attorney by their first name.

- ❖ Counsel must not argue with opposing counsel in the presence of the jury.

- ❖ During opening statements, counsel must not argue the facts or discuss the law.  Present a concise summary of the facts.  Do not describe in detail what particular witnesses will state.  Unless the case is unusually complex, counsel will be limited to fifteen minutes for opening statements.

- ❖ Counsel must remain at the podium when questioning witnesses and must not turn his or her back to the Court, the jury, or a witness when speaking.

- ❖ Counsel must have all exhibits immediately available and in the proper order when questioning a witness.  Counsel is encouraged to use the ELMO system to present exhibits to a witness.  If counsel does not use the ELMO system, then he or she must have marked copies of each exhibit available for the witness to review on the witness stand.

- ❖ When an objection is made in the presence of the jury, counsel must state the rule and make no argument.  If the Court needs argument, counsel will be instructed to approach the bench.  Do not argue the Court's ruling in the presence of the jury.

- ❖ Counsel must not move for a mistrial in the presence of the jury.

*Revised 7/1/19*

## PLEA AGREEMENTS

- ❖ In an effort to conserve judicial resources, the Court must be advised of all plea agreements no later than 5 working days prior to trial.

- ❖ Guilty pleas must be entered before the Court will excuse a jury. All plea agreements must be signed and approved by the defendant prior to their submission to the Court. If a signed plea agreement has not been received by the Court, all trial deadlines remain in effect.

## VOIR DIRE

- ❖ Deadlines for the submission of topics for voir dire and any objections thereto are provided in the Trial Notice.

- ❖ Except for a few preliminary questions by the Court, voir dire will be conducted by counsel. Any objections will be addressed by the Court on the morning of jury selection before the commencement of trial.

## WITNESSES

- ❖ Deadlines for the submission of witness lists and any objections thereto are provided in the Trial Notice.

- ❖ The witness lists must include the name of the witness, his or her title and relevance to the case, and an estimate of time necessary for counsel to examine the witness.

- ❖ Counsel is responsible for ensuring that a sufficient number of witnesses are scheduled for each day of trial, and that all witnesses are on time and remain near (but outside) the courtroom.

## EXHIBITS

- ❖ Deadlines for the submission of exhibits, exhibit lists, and any objections thereto are provided in the Trial Notice.

- ❖ The exhibit list must be in a table format with each exhibit clearly identified.

- ❖ Counsel must mark and tab all exhibits in a three-ring binder when providing copies to the Court and the opposing party. Two exhibit notebooks should be provided to the Court at the Pre-Trial Conference, if one is scheduled.

*Revised 7/1/19*

- ❖ Where possible, exhibits should be stipulated to in advance. If counsel have objections to any exhibits, such objections should be filed with the Court and state with specificity the bases of the objections. "Objection: Hearsay" or "Objection: Relevance" are insufficient forms of objections. Counsel must state the reasons why they believe a particular exhibit is not relevant, for example. Counsel must submit one copy of all objected-to-exhibits (tabbed and marked) as an attachment to any objections to an exhibit.

- ❖ Charts, diagrams, etc. must be clearly marked, indicating measurements, landmarks and other identifying factual material. Counsel should avoid having a witness draw or create an exhibit during the time used for examination of the witness.

- ❖ To the extent possible, counsel is encouraged to use the ELMO equipment in the courtroom for the presentation of exhibits. The ELMO system allows witnesses to mark exhibits while discussing them. The ELMO system also enables counsel to print copies of the marked exhibits to deliver to the jury during its deliberation. If counsel is unfamiliar with the ELMO system, he or she is encouraged to contact the Clerk's Office to schedule a time to practice using the system before trial. Counsel is discouraged from relying on courtroom personnel to assist in the use of the ELMO system during trial.

## JOINT JURY INSTRUCTIONS

- ❖ The deadline for filing proposed Joint Jury Instructions and any objections thereto is stated in the Trial Notice. Additionally, by the filing deadline, the parties shall email a copy of the proposed Joint Jury Instructions to the Court at: vazquezchambers@nmd.uscourts.gov in a format compatible with Microsoft Word. The instructions must include no more than one instruction per page with citation to relevant legal authority. All instructions must be submitted in one document titled "Joint Jury Instructions." Do not submit each instruction as a separate computer file. The instructions should be carefully proofread for errors in spelling, grammar, punctuation, and citations.

- ❖ <u>The parties shall file jointly one complete set of proposed Joint Jury Instructions</u>. Any proposed jury instructions filed by a party separately will not be considered by the Court.

- ❖ The parties must discuss their proposed jury instructions in advance of the filing deadline so that agreement can be reached on as many instructions as possible. If there are particular instructions upon which the parties cannot agree, the objectionable instruction shall be included in the proposed Joint Jury Instructions, with the proponent's argument for inclusion of the instruction stated, and the opposing party's objection to the instruction stated. The parties' argument for and objection to inclusion of an instruction shall be stated in detail, with reference to a corresponding pattern instruction and/or applicable case law supporting their respective positions. If the opposing party proposes the inclusion of an alternate version of the objectionable instruction, the alternate version shall be identified as an alternate instruction and included in the proposed Joint Jury Instructions. The parties' argument for and objection to inclusion of the alternate instruction shall be stated in detail, with reference

5

- to a corresponding pattern instruction and/or applicable case law supporting their respective positions.

- The parties must also review this Court's Criminal Stock Instructions found on the Court's webpage at: http://www.nmd.uscourts.gov/content/honorable-martha-vázquez.  If the parties cannot access the Criminal Stock Instructions via the internet, copies can be obtained from the Clerk's Office in Santa Fe.  A Stock Instruction Index accompanies the Criminal Stock Instructions and must be completed by the parties and filed with the proposed Joint Jury Instructions.  The parties need not include in their proposed Joint Jury Instructions copies of each of the Court's Civil Stock Instructions, but must include the completed Stock Instruction Index.  The Court will automatically give its Criminal Stock Instructions unless a party objects to a stock instruction or an alternative version of the instruction has been filed by the parties.

## MOTIONS IN LIMINE

- The deadlines for the submission of motions in limine, responses and replies are stated in the Trial Notice.  However, counsel are encouraged to file motions in limine as early as possible.  Motions in limine filed fourteen (14) days or more before the filing deadline stated in the Trial Notice, must be responded and replied to in accordance with the Federal Rules of Criminal Procedure and the New Mexico Local Rules of Criminal Procedure.

- The Court will rule on motions in limine prior to the commencement of trial, if possible.

## DEPOSITION TESTIMONY

- The use of deposition testimony in criminal trials is generally not permitted.  If a party seeks to use deposition testimony during a criminal trial, the party must file a motion in limine with supporting legal authority explaining the reasons for requesting the use of deposition testimony, the legal and evidentiary authority for its admission, and the manner in which its use is anticipated.

## PRE-TRIAL CONFERENCE

- The Court does not automatically schedule a pre-trial conference in criminal cases.  If the parties believe a pre-trial conference is necessary, they should file a motion requesting a pre-trial conference no later than one (1) month before the scheduled trial date.  The motion should state the reasons a pre-trial conference is requested and identify any outstanding matters the parties would like addressed at the pre-trial conference.

6

*Revised 7/1/19*

- ❖ Counsel must be prepared to address the length of the trial (excluding jury selection), the number of witnesses, the number of exhibits, stipulations, objections to any exhibits or witnesses, motions in limine and any other pending motions.

## JURY SELECTION/TRIAL

- ❖ Jury selection takes place at the Santiago E. Campos United States Courthouse in Santa Fe. If sufficient time is available, opening arguments and testimony will begin on the day of jury selection.

- ❖ Each party shall have the number of peremptory challenges designated in Rule 24 of the Federal Rules of Criminal Procedure. The Court will typically impanel one or two alternate jurors depending on the nature of the case.

- ❖ Challenges for cause are addressed by the Court first. After all challenges for cause are resolved, the Court will proceed with the parties' peremptory challenges. The Court's usual procedure is to begin with the government until it strikes its first juror, and then passing to the defense until it strikes the next juror, alternating back and forth until the jury is selected or the peremptory challenges are exhausted.

- ❖ Jurors are allowed to take notes during trial.

## EQUIPMENT

- ❖ Counsel must request permission of the Court and make prior arrangements with the Clerk's Office to have special equipment installed prior to trial. The parties are encouraged to familiarize themselves with the ELMO equipment used in the courtroom prior to trial. A party may contact the Clerk's Office in Santa Fe and schedule a date and time in advance of trial to practice using the ELMO equipment before trial.

## MOTIONS FOR CONTINUANCE

- ❖ All motions for continuance should be filed in accordance with 18 U.S.C. § 3161(h)(8)(A), specifically setting forth the factual grounds justifying a requested continuance and compliance with the Speedy Trial Act.

- ❖ Counsel cannot assume that the Court will automatically grant last-minute stipulated motions for continuance.